## IN THE DISTRICT COURT
## OF NORTHERN ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **Latravius Davis ,** | ) | |
| **an Individual;** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No: |
| **Family Dollar Stores, Inc.;** | ) | **JURY TRIAL DEMANDED** |
| **Family Dollar stores of Alabama,** | ) | |
| **LLC** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW Plaintiff Latravius Davis and hereby files this lawsuit against Family Dollar Stores, Inc. and Family Dollar Stores of Alabama, LLC pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FSLA") and for this cause of action state the following:

### PARTIES

### JURISDICTION AND VENUE

1.     This action is brought pursuant to the FSLA, 29 U.S.C. §201 et seq., -- specifically the collection action provision of the Act found at Section 216(b)- for

equitable and injunctive relief and to remedy violations of the wage provisions of the FSLA by the Defendants, which has deprived Plaintiff of her lawful wages.

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue is proper in the United States Federal District of Alabama under 28 U.S.C. § 1391(b).

3.      Defendant is subject to personal jurisdiction in the State of Alabama for this lawsuit.

## STATEMENT OF FACTS

4.      Plaintiff worked for Defendant from May of 2015 until she resigned on October 14, 2017.

5.      At the time of her employment, Plaintiff was a manager at the #11205 store location,  3202 Lorna Rd, Hoover, AL 35216

6.      Plaintiff was paid a salary rate of $32,000 per year, with no overtime pay for hours worked over forty (40) hours in a single workweek.

7.      Plaintiff regularly worked six-day work weeks alone in the store, providing all services required to maintain the store's operation.

8.       Because of this, Plaintiff consistently worked for more than 52 hours a week. Plaintiff regularly worked 60-80 hours per week without any other employee in her supervision.

9. Defendant prohibited Plaintiff from clocking in and out and no matter the rigorous hours worked, Plaintiff was exempt from receiving overtime pay.

10. Defendant was aware that Plaintiff performed non-exempt work that required payment of overtime compensation.

11. Although Plaintiff was hired as a manager, she was not allowed to engage in managerial duties.

12. During Plaintiff's employment with Defendant, her primary duties included oversight of the store, stocking shelfs, running the cash register, and checking inventory.

13. At all relevant times, Plaintiff was also required to clean the store including but not limited to coolers, windows, doors, bathrooms, the parking lot, to take out the trash, and perform other custodial tasks.

14. When Plaintiff would try to create schedules, as she was entitled by her managerial role, the District Manager would routinely make effort to approve and/or change schedule for employees Plaintiff authored.

15. Plaintiff lacks the authority necessary to hire and fire Family Dollar employees, even though this is a standard managerial duty.

16. There were also several times where Plaintiff was unable to close the store early for severe weather conditions, putting Plaintiff's safety in jeopardy.

17.     Defendants' intentional, knowing, and willful violation of federal law caused Plaintiff to suffer economic damages.

## FAIR LABOR STANDARDS ACT CLAIM

18.     This action is brought to recover unpaid overtime compensation owed to Plaintiff pursuant to FLSA.  Defendants have had a uniform policy and practice and of consistently requiring its store managers to work 60-90 hours per week for a salaried amount.  The alleged managerial employees, including Plaintiff, performed managerial duties less than 5-10 hours each week. The remainder of her time was spent performing non-managerial functions, including but not limited to, running the registers, stocking inventory and cleaning the store.

19.     Defendants' misrepresentations to Plaintiff, that she is exempt from receiving overtime compensation under § 13(a)(1) of the FLSA, fails to meet several requirements regarding the Plaintiff's job duties:

        a.   Plaintiff's primary duty was not managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise;

        b.   Plaintiff did not customarily or regularly direct the work of at least two or more other full-time employees or their equivalent; and

        c.   Plaintiff did not have the authority to hire or fire other employees, make suggestions or recommendations as to the hiring, firing,

advancement, promotion or any other change of status of other employees.

20.     Plaintiff was not paid any overtime compensation even though she regularly worked 10-20 hours a week over the required 52 hours, with a clear majority of the hours spent performing non-managerial job duties.

21.     Plaintiff seeks unpaid sales incentives, commission, bonuses, vacation and sick time, overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

22.     The services performed by Plaintiff were a necessary and integral part of Defendants' business and directly essential to its corporate objectives.

23.     Defendants have intentionally failed and/or refuse to pay Plaintiff managerial salary/rates per the provisions of the FLSA.

24.     Defendants are aware of the requirements of the FLSA and its corresponding regulations necessary to provide store manager employees with overtime compensation.  Despite this knowledge, Defendants have failed to pay its store managers the mandatory lawful overtime compensation to conform the duties of these employees to the requirements of the FLSA.

25.     Defendants have intentionally and repeatedly misrepresented the true status of managerial compensation to its employees and because of those

misrepresentations, Plaintiff detrimentally relied upon Defendants' mischaracterization and was unable to determine her true status under the FLSA.

26.     Defendants have further engaged in widespread pattern of violating the provisions of FLSA by failing to pay Plaintiff in accordance with §207 of the FLSA.

27.     As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive managerial compensation in accordance with §207 of the FLSA.

28.     Defendants' actions in failing to compensate Plaintiff were willful.

29.     Plaintiff are entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individual, pursuant to §216(b) of the FLSA, prays for the following relief:

a.     Trial by Jury;

b.     Plaintiff be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

c.     Plaintiff's reasonable attorneys' fees, including the costs and expenses of this action; and,

d.      Such other legal and equitable relief including, but not limited to, any

injunctive and/or declaratory relief, to which they may be entitled. .


Respectfully Submitted December 11, 2017



                                        Respectfully submitted,


                                        /s/  *J. Allen Schreiber*
                                        J. Allen Schreiber
                                        (ASB-2540-R76J)


                                        /s/ *Lauren E. Miles*
                                        Lauren E. Miles
                                        (ASB-3564-T63E)

                                        **SCHREIBER LAW FIRM,P.C.**
                                        6 Office Park Circle Suite 209
                                        Birmingham, AL 35223
                                        Phone: 205-871-9140
                                        allen@schreiber.law
                                        lauren@schreiber.law
                                        ***ATTORNEYS FOR PLAINTIFFS***

**SERVE DEFENDANT BY CERTIFIED MAIL:**

**FAMILY DOLLAR, INC.**
500 VOLVO PARKWAY
CHESAPEAKE, VA 23320

**FAMILY DOLLAR STORES OF ALABAMA, LLC**
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104